### PEEPLES v. WALLING VAN GEEST & ZN.
No. 202531.
Circuit Court, Hillsborough County.
November 27, 1972.

Roger A. Vaughan, Jr., Tampa, for the plaintiff.

Brendan P. O'Sullivan, Tampa, for the defendant/third party plaintiff.

David J. Kadyk, Tampa, for the third party defendant.

OLIVER C. MAXWELL, Circuit Judge.

*Order denying attorney's fees and costs and allowing compensation payments to stevedore:* This cause came on to be heard on the counterclaim of the stevedore to a third party complaint of the shipowner. This court had previously entered a summary judgment for the plaintiff longshoreman against the shipowner and also a summary judgment on behalf of the stevedore against the shipowner.

The stevedore insists that it is suing on its counterclaim for active negligence of the shipowner and that its claim is not based on indemnity. This type of claim for costs and attorney's fees is not supported by authority.

The stevedore cites the case of Quadrino v. S. S. Theron, 1970 A.M.C. 1348 (District Court, Southern District New York, 1970). This case clearly holds that the stevedore is entitled to recover from the shipowner his costs, expenses and attorney's fees in successfully defending against the shipowner's third party complaint.

On rehearing, on appeal, Quadrino v. Theron, 463 Fed. 2d 959, the court refused to pass upon this question because the question was not raised in the appeal. The court stated —

> "However, we express no opinion as to the appropriateness of such an award other than to refer to our discussion in Calderone v. Naviera Vacuba S/A, 328 Fed. 2d 578 (1964), with reference to attorney's fees in ship stevedore situations."

In *Calderone*, supra, which was a suit by the shipowner against the stevedore, the court pointed out that the attorney's fees incurred in defending the longshoreman's claim are recoverable but not in the action prosecuting its claim for indemnity against the stevedore. It seems to this court that the same rule would apply where the roles are reversed.

It is therefore ordered and adjudged that the stevedore be allowed no costs or attorney's fees against the shipowner but that it is entitled to workmen's compensation benefits paid.